Board of Law Examiners v. West Publishing Corporation et al

Case 5:07-cv-00210-H    Document 12-2    Filed 08/10/2007    Page 1 of 5

Doc. 12 Att. 1

# ATTACHMENT A

Dockets.Justia.com

Westlaw.

1994 WL 1026122 (N.C.A.G.)                                                                  Page 1

1994 WL 1026122 (N.C.A.G.)

(Cite as: 1994 WL 1026122 (N.C.A.G.))

Office of the Attorney General
State of North Carolina

*1 March 16, 1994

Re: Advisory Opinion; General Statutes Database; Applicability of the Michie Company Copyright; 17 U.S.C. § 101 et seq.; Limiting Third Party Access; G.S. 132-1 et seq., G.S. 12-3.1

M. Glenn Newkirk
Director
Legislative Automated Systems Division
Legislative Office Building
300 N. Salisbury Street
Raleigh, N.C. 27603-5925

Dear Mr. Newkirk:

You have requested an opinion form this office on the following questions:
  1. Does the Michie Company have a copyright on the text of the General Statutes, the statutory numbering and classification system, the General Statute chapter, part, or article titles, or the "history notes" at the end of most statutory sections?
  2. Are there any legal restrictions to the General Assembly providing, with or without cost, electromagnetic copies of any part or all of the General Statutes database to a third party, which subsequently publishes or sells computer access to the material provided?

To build the General Statutes database, you purchased electromagnetic tape copies of the entire statutory body from the Michie Company (hereafter "Michie"); the licenses for the bill typing software and the storage, search and retrieval software for the document retrieval system were purchased from another vendor. The General Assembly staff converted the files purchased from the Michie Company into a document format compatible with the General Assembly's printer. Using the exact electronic files of the Session Laws, the General Assembly staff updates its database annually to reflect changes made by the Session Laws. The staff consults with both the Attorney General and Michie for the purpose of resolving any differences or conflicts in versions of the statutes. The General Assembly provides Michie with electronic versions of its Session Laws which the company uses to update its own statutory database and to publish the printed General Statutes volumes.

The Michie company has copyrighted The General Statutes of North Carolina

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1994 WL 1026122 (N.C.A.G.)                                                   Page 2

1994 WL 1026122 (N.C.A.G.)

**(Cite as: 1994 WL 1026122 (N.C.A.G.))**

Annotated, a multi-volume publication which includes the laws enacted by the General Assembly of North Carolina.

  The General Assembly database does not contain any of the footnotes, casenotes, or annotations that appear in Michie's publication. For each section of the General Statutes, the General Assembly database contains the chapter title, part number, section number, section text, and a history note indicating the various Session Laws that modified the section's text. While the history notes at the end of most sections originally came from the Michie tapes, they have been prepared and updated by General Assembly staff since 1987.

  I. Michie does not have a copyright on the text of the General Statutes, the statutory numbering and classification system, the General Statute chapter, part, or article titles, or the history notes at the end of most statutory sections.

  We do not know whether Michie purports to have a copyright on any of the items identified in your question. However, it is our opinion that Michie can not have a copyright, enforceable against the State, on any of the specifically identified components in the General Assembly database.

  *2 It is clear that pursuant to 17 U.S.C. 101 et seq., copyright protects "original works of authorship" and applies to both derivative works and compilations. By definition, both types of work are formed, in part, from preexisting sources and material that is factual. However, copyright protection extends only to works, or portions thereof, which are original to the author; the preexisting portions of or raw facts in the compilation or derivative work receive no protection from copyright laws.

  The General Assembly, not Michie, is the creative originator of the General Statutes and of each of the components of the General Statutes database. Only the legislature, as the elected representative of the people, has the power to make laws and only the legislature can amend or rewrite a statute. N.C. Constitution, Art. II, sec. 20; Costal Highway v. Turnpike Authority, 237 N.C. 52, 74 S.E.2d 310 (1953). At the end of each session of the General Assembly, the Legislative Services commission must publish all laws passed at the session and provide and supply the Secretary of State with bound volumes of the session laws. The actual laws passed by the General Assembly are housed in the Office of the Secretary of State and contain the text of the General Statutes, the statutory numbering and classification system, the General Statute chapter, part, or article titles, part number, section number and section text. G.S. 120-32(7), 120-34(a).

  The Division of Legislative Drafting and Codification of Statutes is responsible for ensuring the accuracy of the General Statutes. That Division completes and perfects the General Statutes by inserting all amendments in their proper places in sections under the appropriate chapter and subdivisions of chapters. It is also authorized to change the number of sections and chapters, transfer sections, chapters and subdivisions of chapters and make such other corrections which do not change the laws, as may be necessary to make an accurate, clear, and orderly

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1994 WL 1026122 (N.C.A.G.)                                              Page 3

1994 WL 1026122 (N.C.A.G.)

**(Cite as: 1994 WL 1026122 (N.C.A.G.))**

statement of the laws. G.S. 114-9, 164-9. See also, Memorandum of Agreement to Attorney General Lacy H. Thornburg, Attorney General of North Carolina, from Philip S. LaMar, the Michie Company, March 4, 1991, Section IV (attached).

It is our opinion that when Michie Company distributes or otherwise makes available copies of the North Carolina General Statutes, it does nothing more than create a reprint or representation of the General Statutes which were enacted by the General Assembly. As such, Michie is reprinting preexisting works. It can claim copyright protection only as to those components of its General Statutes publication that it added, or that are original to the company. It has no original authorship or ownership interest in portions copied from other sources.

Case law supports our view that "the law" cannot be reduced to property through copyright and that the public must have free access to state laws, unhampered by any claim of copyright, whether that claim be made by an individual or by the state itself. See Wheaton v. Peters, 33 U.S. (8 Pet.) 591 (1834); Callaghan v. Myers, 128 U.S. 617 (1888); Davidson v. Wheelock, 27 F. 61 (Minn. 1866); Howell v. Miller, 91 F. 129 (6th Cir. 1898) and State of Georgia v. Harrison Co., 548 F. Supp.110 (N.D. Ga. 1982), vacated by agreement of the parties, 559 F. Supp. 37 (N.D. Ga. 1983). We therefore conclude that the Michie Company can have no copyright to the text of the General Statutes of North Carolina, including the statutory numbering and classification system, the General Statute chapter, part, or article titles, the section number and text, or the "history notes" at the end of most statutory sections which were supplied by the staff of the General Assembly.

*3 There may be some question as to whether Michie has a copyright to some portion of the history notes that were not generated by the General Assembly's staff, but even that is uncertain. The history notes appear to be nothing more than a factual statement of effect the various session laws on existing statutory provisions. As such, we think it unlikely that they would be covered by Michie's copyright. See Feist Publication v. Rural Telephone Service Co., 111 S. Ct. 1282 (1991). It is important to note that the presence or absence of a copyright on some or all of the data in the General Statutes database is not dispositive of whether the General Assembly may release the data to a third party. So long as the data is a public record, G.S. §132-1 et seq. requires its release. The use to which a recipient puts the data and whether that use violates a copyright are matters which must be resolved by the copyright holder and the third party recipient.

II. Once the General Assembly provides a third party with electromagnetic copies of its General Statutes database, it may not restrict that third party's subsequent publication or resale of the material.

You also inquire as to the existence of legal restrictions on your providing, with or without cost, electromagnetic copies of any part or all of the General Statutes database to a third party, who then publishes or sells computer access to the data. Since the database is a "public record", access is governed by G.S. 132-1

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1994 WL 1026122 (N.C.A.G.)                                                Page 4

1994 WL 1026122 (N.C.A.G.)

**(Cite as: 1994 WL 1026122 (N.C.A.G.))**

et seq. The right of access to public records is very comprehensive. Every person having custody of public records shall permit them to be inspected and examined at reasonable times by any person and must provide copies upon the payment of fees. G.S. 132-6.

We conclude that the subsequent publication or sale of computer access to any part or all of the General Statutes database obtained pursuant to G.S. 132-6 is not subject to restriction or limitation by your office. Indeed, it is our opinion that a third party's intended use of the information is irrelevant to whether copies of the database may be provided in the first instance. This conclusion is based, in part, upon the fact that G.S. 132-1 et seq. does not require that persons requesting public records disclose the purpose or motive for their requests. And we do not believe that you may require the persons requesting access to the records to divulge the use to which the records will be put.

Lorinzo L. Joyner

Special Deputy Attorney General

Wanda G. Bryant

Senior Deputy Attorney General

 1994 WL 1026122 (N.C.A.G.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.