# EXHIBIT E

*National Conference of Bar Examiners v Saccuzzo,*
**Not Reported in F.Supp.2d, 2003
WL 21467772 (S.D.Cal. 2003)**

Not Reported in F.Supp.2d                                                                                                         Page 1
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C

National Conference of Bar Examiners v. Saccuzzo
S.D.Cal.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. California.
NATIONAL CONFERENCE OF BAR EXAMINERS, Plaintiff,
v.
Dennis P. SACCUZZO; Nancy E. Johnson; and Applications of Psychology to Law, Defendants.
No. 03CV0737BTM(NLS).

June 10, 2003.

CONSENT JUDGMENT AND PERMANENT INJUNCTION
MOSKOWITZ, J.

**\*1** The parties having agreed to settlement of the matter in issue between them per the terms of a written Settlement Agreement that includes a payment of damages to plaintiff and to entry of this judgment and injunction, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over each of the parties in this action and over the subject matter in issue. The Court retains jurisdiction to interpret and enforce the terms of the Settlement Agreement as well as the terms of this consent judgment and injunction.

2. The parties to this action and the Settlement Agreement intend by this consent judgment and injunction to fully and finally adjudicate the issues of copyright ownership, validity, and infringement as among them.

The Court has reviewed the plaintiff's Complaint and the related submissions of the parties, including a Joint Motion for entry of a consent judgment to which the parties attached illustrative side-by-side comparisons of certain of plaintiff's copyrighted materials and materials obtained through student recollections by the defendants and posted on their website. Based upon the stipulated facts and the stipulated statement of applicable legal principles set forth below, the Court hereby enters this final judgment.

I.

1. This action arises in part under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has original jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

II.

3. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(a). Defendants are doing business and transacting business within this district and they or their agents may be found within this district.

III.

A. *THE PARTIES*

4. Plaintiff National Conference of Bar Examiners ("NCBE") is a nonprofit corporation with its principal place of business in Madison, Wisconsin. NCBE develops and administers various testing programs, including the Multistate Bar Examination ("MBE"). The MBE is one component of the California Bar Examination.

5. Defendant Dennis P. Saccuzzo ("Saccuzzo") is a resident of San Diego, California and a law school Adjunct Professor. Professor Saccuzzo is engaged in teaching courses and, through Applications of Psychology to Law, is engaged in offering written materials, a website found at *www.BarSecrets.com,* and other assistance to individuals planning to take the California Bar Examination, including the MBE component.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Case 5:07-cv-00210-H   Document 16-6   Filed 10/04/2007   Page 3 of 12

Page 3

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

6. Defendant Nancy E. Johnson ("Johnson") is a resident of San Diego, California and a law school Adjunct Professor. Professor Johnson is engaged in teaching courses and, through Applications of Psychology to Law, is engaged in offering written materials, a website found at *www.BarSecrets.com,* and other assistance to individuals planning to take the California Bar Examination, including the MBE component.

**\*2** 7. Applications of Psychology to Law is an unincorporated entity with its principal place of business at 2341 Jefferson Street, Suite 101, San Diego, California. Applications of Psychology to Law is engaged in the business of research and education, including preparing individuals to take the California Bar Examination, including the MBE component. Applications of Psychology to Law is controlled and jointly operated by defendants Dennis Saccuzzo and Nancy Johnson.

### B. *THE MULTISTATE BAR EXAMINATION*

8. NCBE provides a number of services relating to the admission of candidates to a jurisdiction's bar as licensed attorneys. Among other things, NCBE develops and owns all rights in various standardized tests, including the MBE.

9. Each jurisdiction has a board or committee of bar examiners (collectively referred to herein as "Boards"). The Boards are generally created by state statute or rule. The Boards are independent of NCBE. Each Board determines its own requirements for admission to the bar, including whether an examination will be required and, if so, the components of the examination. Many jurisdictions-including the State of California-have decided to use the MBE as a component of their bar admissions process.

10. The MBE consists of 200 multiple choice questions in the following six subject areas: Constitutional Law, Contracts, Criminal Law and Procedure, Evidence, Real Property, and Torts. The MBE is offered with the other components of the California Bar Examination in February and July of each year.

11. The development of MBE test questions and test forms is a lengthy, painstaking, and expensive process involving subject matter drafting committees that are made up of law professors, practitioners, and judges.

12. It costs NCBE hundreds of thousands of dollars to develop each 200-question MBE test form.

13. Since at least 1978, it has been, and will continue to be, the regular practice of NCBE to register MBE test forms and test questions (including the answer choices) with the Register of Copyrights pursuant to and in compliance with regulations issued by the United States Copyright Office.

14. At all relevant times, NCBE has been the sole owner and holder of all right, title, and interest in and to the copyrights in the MBE test forms and test questions (including the answer choices), subject only to certain non-exclusive licenses issued by NCBE to third parties, involving non-secure test questions. No such license has been issued to the Defendants.

15. The MBE is a "secure" test, which means that the questions are confidential and have not been previously disclosed to the general public. NCBE registers its MBE test forms with the U.S. Copyright Office under special procedures for "secure tests," which ensure that the security of the tests will not be jeopardized by making them available to the public through the Copyright Office. 37 C.F.R. § 202.20(c)(vi)(2000). The "secure test" regulation represents a judgment by the Copyright Office that "retention of [secure tests] by the Office and availability for public inspection could severely prejudice the future utility, quality, and integrity of the materials."42 Fed.Reg. 59302, 59304 (Nov. 16, 1977); *see also National Conference of Bar Examiners v. Multistate Legal Studies, Inc.,* 692 F.2d 478, 484 n. 6 (7th Cir.1982), *cert. denied,*464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983).

**\*3** 16. Except for the first MBE test that was administered, each MBE includes a certain number of questions that have appeared on prior examinations, as well as a certain number of questions that will

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Page 4
Case 5:07-cv-00210-H   Document 16-6   Filed 10/04/2007   Page 4 of 12
Not Reported in F.Supp.2d                                                                Page 3
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

appear on future examinations. The principal reason for reuse of MBE test questions is to equate test scores-*i.e.,* to attempt to ensure that the same score on different forms of the MBE has the same meaning. The reuse of test questions from one administration to another is a common practice among some standardized testing organizations. *See, e.g., Educational Testing Serv. v. Katzman,* 793 F.2d 533, 544 (3d Cir.1986) (ability to reuse SAT and Achievement Test questions and forms is "central to the essence of plaintiff's operations'"); *Association of Am. Med. Colleges v. Mikaelian,* 571 F.Supp. 144 (E.D.Pa.1983) (reuse of Medical College Admission Test forms), *aff'd mem.,*734 F.2d 3 (3d Cir.1984); *Educational Testing Service v. Miller,* 1991 Copr. L. Dec. ¶ 26,811, 21 U.S.P.Q.2d 1467, 1991 WL 212181 (D.D.C.1991) ("the 1988 Foreign Service Exam contained 41 questions that appeared in the 1987 Exam").

17. MBE test forms, test questions and test answers are not intended to be made available to the public except during actual test administrations or under such other circumstances as NCBE has authorized. Unauthorized disclosure of secure test items may compromise the integrity of the applicable examination(s), and potentially other examinations which incorporate compromised equator questions; may jeopardize the validity of resulting scores; and may give some examinees an unfair advantage over other examinees.

18. This case involves the assembly and disclosure of questions and answers, based on student recollections that are substantially similar to secure MBE test questions and answers.

### C. *THE STATE BAR OF CALIFORNIA'S FAILED APPLICANT REVIEW PROCESS*

19. At all times relevant to the events described in this Order, the State Bar of California ("State Bar") had an exam review procedure which gave unsuccessful bar examinees the opportunity to review, among other things, their MBE answer sheets, their MBE examination, and the examination answer key. Subsequent legislation passed by the State of California has suspended this review procedure.

20. As noted on the State Bar's web site and in its written materials, the failed applicant review process took place in a "proctored situation" and "no notes [were] permitted" during the review process. Individuals who used the review procedure received written instructions regarding what they could and could not do while reviewing their MBE. The instructions provided, in part, as follows:
4. You are *not* permitted ... to take notes of any kind....

7. Do *Not* remove the materials from the inspection room. (Original emphasis.)

### D. *DEFENDANTS' CONDUCT*

21. Defendants Saccuzzo and Johnson have operated Applications of Psychology to Law for about the past two (2) years. Between approximately August 2001 and October 15, 2002, Defendants maintained an internet website at *www.barsecrets.com* which, among other things, advertised or offered for sale bar review materials prepared by Professors Saccuzzo and Johnson. This website was accessible by any member of the public.

**\*4** 22. On more than one occasion, Defendants Saccuzzo and Johnson encouraged some of their students who were MBE test-takers who had failed the California Bar Examination to attempt to recall questions from MBE test forms after participating in the California post-examination review process described above. The student recollections of MBE questions and answers were then provided to Professors Saccuzzo and Johnson, and by them to other individuals participating in Defendants' bar review programs.

23. In addition to assembling the student recollections in the form of written handouts which they made available to the individuals participating in their bar review programs, Defendants Saccuzzo and Johnson published the content of certain of these student recollections on their internet website

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Page 5
Case 5:07-cv-00210-H  Document 16-6  Filed 10/04/2007  Page 5 of 12
Not Reported in F.Supp.2d Page 4
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

some time after February 18, 2002. NCBE contends that almost all of these recollections were substantially similar to actual questions and answers on the MBE component of the February and July 2001 California Bar Examinations; and, based upon certain side-by-side comparisons provided by NCBE, the Court agrees that substantial similarity has been shown.

24. On July 18, 2002, NCBE contacted Defendants and alleged that these student recollections were substantially similar to actual MBE questions.

25. Defendants promptly complied with NCBE's cease and desist demand to remove the website postings in question.

26. Since July 18, 2002, Defendants have cooperated with NCBE. They have assured NCBE, and this Court, that they have provided NCBE with copies of all student recollections that were ever collected, whether or not distributed. They have promised in writing never to solicit, accept, distribute or post other student recollections.

27. Before July 18, 2002, Defendants had also assembled student recollections from individuals who participated in the failed applicant review process for the February 2002 MBE. Defendants then shared those recollections-in a written handout-with some individuals who were taking the Defendants' bar review programs, but did not post them on the website.

28. Defendants' actions compromised a number of questions and answers from the February 2001, July 2001, and February 2002 MBE's.

29. Defendants published and distributed student recollections of MBE test questions and answers with the intent of assisting individuals who intended to take subsequent California Bar Examinations.

30. Defendants expressly stated on their website: "At least 6 of these [questions] reappeared on the July 2001 Bar exam and at least another 6 are predicted to come up on the February 2002 Bar exam."

31. In addition to the questions from the February and July 2001 MBE's, Defendants assembled student recollections of questions and answers from the February 2002 MBE and made them available to their students who were preparing to take the July 2002 California Bar Examination.

32. NCBE contends, and Defendants have no reason to dispute, that Defendants have copied and distributed for use by their program participants, and by members of the general public, the creative heart of certain copyrighted MBE questions and answers that NCBE had not publicly released, and the NCBE planned to use on future forms of the MBE.

**\*5** 33. Because Defendants have distributed questions and answers copied that were substantially similar to questions and answers from actual MBE examinations, NCBE has retired all of the compromised questions. In addition, because many of the compromised items were to serve as "equators," NCBE has been required to modify MBE forms that it had planned to use for future administrations of the MBE (in some cases, extensively), and to re-evaluate its overall plans for equating future forms of the MBE.

IV.

A. *NCBE'S COPYRIGHT CLAIM*

34. To prove copyright infringement, it is sufficient to show (1) plaintiff's ownership of the copyright and (2) defendant's copying of protected material. *See, e.g., North Coast Indus. v. Jason Maxwell, Inc.,* 972 F.2d 1031, 1033 (9 th Cir.1992).

35. There is no need to prove anything about a defendant's mental state to establish copyright infringement; it is akin to a strict liability tort.

36. The Copyright Act provides that ownership of copyright is automatic once an original work (such as the MBE forms and questions at issue here) has been created. 17 U.S.C. § 102(a). The Act also provides that an entity such as NCBE automatically owns the copyright in any work created by its own

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Not Reported in F.Supp.2d                                                                                                                Page 5
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

employees within the scope of their employment and in any work created by non-NCBE employees for NCBE as "works-for-hire." 17 U.S.C. §§ 101, 201(b); *see also Cleary v. News Corp.,* 30 F.3d 1255, 1259 (9th Cir.1994).

37. Because all of the questions at issue in this litigation were either created by NCBE employees or were created by outside writers as works-for-hire, NCBE owns the copyright in each of the questions and each corresponding set of answer choices. *See ETS v. Katzman,* 793 F.2d at 539;*ETS v. Miller,* 1991 Copr. L. Dec. ¶ 26,811 ("A copyright in a compilation of questions, such as the Foreign Service Exam, includes copyright protection for the questions themselves.").

38. NCBE also owns the copyright in each of its MBE test forms. The MBE forms are assembled by NCBE, working with its contract vendor (ACT, Inc.), and, as so assembled, reflect a variety of judgmental decisions. *See Eckes v. Card Prices Update,* 736 F.2d 859, 863 (2d Cir.1984) (compilation copyright based on judgmental selection of items to be included in work).

39. The MBE test forms and test questions (including the answer choices) are original, copyrightable materials, and NCBE has complied in all respects with the requirements of the Copyright Act, 17 U.S.C. § 101*et seq.* It therefore enjoys certain exclusive rights with respect to the test forms and the questions contained therein, including the exclusive right to copy, distribute, display, publish, and prepare derivative works.

40. NCBE's ownership of copyrights in the MBE forms and questions is confirmed by registrations issued by the U.S. Copyright Office. These certificates "constitute prima facie evidence of the validity of the copyright" and of the facts stated in the certificates, including NCBE's ownership of copyright in the materials. 17 U.S.C. § 410(c); *see also Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217-18 (9th Cir.1997), *cert. denied,*523 U.S. 1021, 118 S.Ct. 1302, 140 L.Ed.2d 468 (1998); *North Coast Indus.,*

972 F.2d at 1033.

**\*6** 41. Sections 106(1) and 106(3) of the Copyright Act reserve to a copyright owner the exclusive right to copy and distribute his or her work.

42. Under well-established case law, NCBE may demonstrate copying through proof of (1) access by the defendant to the copyrighted work and (2) substantial similarity between the plaintiff's and the defendants' works. *See, e.g., Entertainment Research Group,* 122 F.3d at 1217;*North Coast Indus.,* 972 F.2d at 1033. One test for determining substantial similarity is whether an ordinary observer would detect substantial similarity between the two works. *See Mikaelian,* 571 F.Supp. at 149;*see also Columbia Pictures Indus. ., Inc. v. Miramax Film Corp.,* 11 F.Supp.2d 1179, 1186 (C.D.Cal.1998) (explaining the "intrinsic" portion of the modified *Krofft* test of infringement as "whether an ordinary person would perceive a substantial taking of protected ideas") (citation omitted).

43. Defendants obtained access to NCBE's copyrighted MBE forms and questions through individuals who had taken the test, failed, and then participated in California's failed-applicant review process.

44. For purposes of determining access under the Copyright Act, it is irrelevant whether the Defendants asked the individuals for this material or whether the individuals provided it unsolicited. *See Educational Testing Service v. Simon,* 95 F.Supp.2d 1081, 1085-93 (C.D.Cal.1999) (permanently enjoining individuals who ran a test preparation service from using infringing questions that were "relayed to them by students who have recently taken the ... exam," and from "debriefing or otherwise intentionally or knowingly obtaining from any person questions from any ETS test form that ETS has not voluntarily disclosed to the general public;" and stating that, for purposes of "determining access under the Copyright Act, it is irrelevant whether the defendants asked the students for this material or whether the students provided it unsolicited").

45. Substantial similarity does not require verbatim copying. Immaterial variations in the content of se-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Case 5:07-cv-00210-H    Document 16-6    Filed 10/04/2007    Page 7 of 12

Page 7

Not Reported in F.Supp.2d                                                                                                          Page 6
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

cure test questions or answers do not alter the conclusion that infringing material is substantially similar to copyrighted material. *ETS v. Katzman,* 793 F.3d at 541;*ETS v. Simon,* 95 F.Supp.2d at 1085-93.

46. Certain of the student recollections assembled by the Defendants are substantially similar to NCBE's copyrighted MBE questions and answers.

47. As shown by the side-by-side comparisons provided by NCBE to the Court, Defendants have copied the creative "heart" of certain questions. *Harper & Row, Publishers, Inc. v. Nation Enter.,* 471 U.S. 539, 564-65, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (holding that copying of approximately 300 words from a 200,000 word manuscript was copyright infringement); *see also ETS v. Katzman,* 793 F.2d at 542-43 (holding that copying of even a few test questions was sufficient to justify a preliminary injunction against copying of any test).

**\*7** 48. Defendants have infringed NCBE's copyrights in MBE questions and answers.

49. In addition to infringing NCBE's copyrights in individual questions, Defendants have violated NCBE's copyrights in its test forms as a whole.

50. The Copyright Act protects "compilations," *i.e.,* works "formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."17 U.S.C. § 101 (emphasis added).

51. As the Supreme Court has noted, while a selection must be original and creative to warrant protection, "the originality requirement is not particularly stringent.... [It] requires only that the author make the selection or arrangement independently (i.e ., without copying that selection or arrangement from another work), and that it display some minimal level of creativity."*Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 358, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

52. NCBE's selection of topics to be covered in a particular MBE form (and of particular questions to test those topics) easily meets this standard. NCBE's selection of topics for a particular test form is an exercise that required judgment and creativity, and is therefore copyrightable. *See, e.g., Eckes v. Card Prices Update,* 736 F.2d 859, 863 (2d Cir.1984) (plaintiff exercised "selection, creativity, and judgment" in choosing 5,000 "premium" baseball cards out of total of 18,000).

53. Defendants' actions in publishing and distributing questions and answers recalled from the February 2001, July 2001 and February 2002 MBE's constituted an infringement of NCBE's copyrighted test forms as a whole. *See Eckes,* 736 F.2d at 862-63 (copying of judgmental selection of "premium" baseball cards is an infringement).

54. Section 106(2) of the Copyright Act gives the owner of a copyright the exclusive right to prepare derivative works. The Act defines a derivative work as one "based upon one or more preexisting works," such as a translation, abridgment, or condensation, "or any other form in which a work may be recast, transformed, or adapted."17 U.S.C. § 101 (1994).

55. Defendants have further violated NCBE's right to create derivative works by incorporating the student recollections into new works-Defendants' website and handouts. *See Addison-Wesley Publishing Co. v. Brown,* 223 F.Supp. 219 (E.D.N.Y.1963) (enjoining publication that paraphrased the questions in plaintiff's physics textbook and provided the answers to those questions).

56. In addition to their direct liability, each individual Defendant is vicariously and contributorily liable under the Copyright Act for the actions of the other as part of their joint enterprise, because each had a financial interest in the success of Applications of Psychology to Law-their joint business enterprises-and each had the opportunity to exercise control over their coordinated, jointly marketed activities. *See, e.g., Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 261-64 (9th Cir.1996) (outlining elements of vicarious copyright infringement); *Sailor Music v. IML Corp.,* 867 F.Supp. 565,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Case 5:07-cv-00210-H   Document 16-6   Filed 10/04/2007   Page 8 of 12

Page 8

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 7

569 (E.D.Mich.1994) (partner of primary infringer liable because he "derived financial benefits" from the infringement and as a "general manager' was responsible for the policy of neglect which resulted in the infringement").

**\*8** 57. The courts have uniformly found that questions and test forms for secure examinations are subject to copyright protection. *See, e.g., ETS v. Katzman,* 793 F.2d at 540;*Mikaelian,* 571 F.Supp. at 150 ("the mere fact that MCAT questions refer to scientific facts does not place these questions in the public domain.... [C]opyrights of the test questions at issue are valid.").

58. Defendants could test the same concepts without reference to or copying of NCBE's copyrighted works. Moreover, if Defendants want to ensure that their materials include actual questions from past MBE's, Defendants can seek a license agreement with NCBE, authorizing their use of disclosed, non-secure MBE questions.

59. While Defendants "have ample latitude and opportunity to frame noninfringing questions testing the same subjects,"*ETS v. Katzman,* 793 F.2d at 540, they are not free to copy the particular questions and answer choices that NCBE has created.

60. The Defendants' use of the NCBE's copyrighted questions was not a "fair use" within the meaning of the Copyright Act, 17 U.S.C. § 107. Numerous court decisions have found that the Copyright Act's fair use provision does not provide a valid defense for the unauthorized disclosure of test questions that are identical or substantially similar to secure copyrighted test questions. *See, e .g., ETS v. Katzman,* 793 F.2d at 543 (rejecting fair use argument by a coaching school that used questions that were substantially similar to plaintiff's copyrighted questions); *Chicago School Reform Bd. of Trustees v. Substance, Inc.,* 79 F.Supp.2d 919, 930-33 (N.D.Ill.2000) (rejecting fair use defense advanced by a newspaper that published copyrighted secure test questions "to generate public debate"); *Mikaelian,* 571 F.Supp. at 151-53 (rejecting fair use defense by coaching school that prepared students to take the MCAT exam).

61. Congress has likewise indicated that the fair use doctrine is not intended to shield the unauthorized disclosure or use of secure, standardized test questions. For example, in amending the "fair use" provision of the Copyright Act in 1991, Congress noted the importance of rigorous copyright protection for secure tests. The Senate Report on that amendment stated that the bill was "not intended to reduce the protection of secure tests, the utility of which is especially vulnerable to unauthorized disclosure."S.Rep. No. 141, 102d Cong., 1st Sess. 6 (1991). Similarly, in a statement on the Senate floor, Senator Grassley stressed that it was not Congress' intention to "weaken the very strong protection that the courts have given to an important type of copyrighted work-secure tests such as the ACT, SAT, LSAT, and MCAT."137 Cong. Rec. S13923 (daily ed. Sept. 27, 1991). Senator Grassley went on to quote the testimony of Ralph Oman, then Register of Copyrights, who explained that:

Secure tests are particularly vulnerable to having their utility obliterated by unauthorized disclosure. The courts have, accordingly, been particularly solicitous in protecting these works. Indeed, so far as we are aware, the courts have never upheld a fair use claim advanced by any private entity with regard to copying of secure tests or test questions.

**\*9** *Id.* In amending another section of the Copyright Act in 2001, Congress again made a point to note the protection that Copyright laws afford to secure tests:The Committee is aware and deeply concerned about the phenomenon of school officials who are entrusted with copies of secure test forms solely for use in actual test administrations and using those forms for a completely unauthorized purpose, namely helping students to study the very questions they will be asked on the real test. The Committee does not in any way intend to change current law with respect to application of the Copyright Act or to undermine or lessen in any way the protection afforded to secure tests under the Copyright Act.

Sen. Rep. on S. 487, Committee on the Judiciary, 147 Cong. Rec. S.5988, S.5994 (June 7, 2001).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Page 9
Case 5:07-cv-00210-H    Document 16-6    Filed 10/04/2007    Page 9 of 12
Not Reported in F.Supp.2d                                              Page 8
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

62. Likewise, the First Amendment of the United States Constitution does not provide any basis for the unauthorized disclosure of questions that are identical or substantially similar to copyrighted secure test questions. To the extent that the First Amendment has any application in the context of test preparation activities, or in the context of communications by and between past or prospective examinees, those First Amendment concerns have already been addressed in the balancing of interests that is reflected in the Copyright Act and in the "fair use" doctrine. *See, e.g., Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.,* 600 F.2d 1184, 1187-88 (5th Cir.1979); *Chicago School Reform,* 79 F.Supp.2d at 929 ("the court finds no set of circumstances that would afford the Defendants First Amendment protection for publishing the copyrighted tests").

63. Among other relief, a copyright holder may be entitled to a permanent injunction for a defendant's violation of its exclusive rights under the Copyright Act. Where the threat of ongoing or future harm exists, permanent injunctions are proper with respect to the unlawful distribution of copyrighted test questions, to protect the copyright holder's rights under the Copyright laws and to maintain the integrity of the examinations from which the test questions have been taken and the examination process as a whole. *ETS v. Katzman,* 793 F.2d at 545; *ETS v. Simon,* 95 F.Supp.2d at 1093; *Mikaelian,* 571 F.Supp. at 149. A party who violates such an injunction can be sanctioned for civil contempt. *In re: General Motors Corp.,* 61 F.3d 256, 258 (4th Cir.1995); Fed.R.Civ.P. 70.

64. A copyright holder is also entitled to recover damages under the Copyright Act, as well as attorneys' fees. *See* 17 U.S.C. §§ 504, 505. In this particular case, however, the parties have separately resolved the question of the appropriate monetary payment to be made to the NCBE. Therefore, this Order does not include an award of damages or attorneys' fees.

B. *NCBE'S UNFAIR BUSINESS PRACTICES CLAIM*

65. Section 17200 of California's Business and Professions Code protects the public from "unfair competition," including business practices that are either "unlawful," "unfair," or "fraudulent." *See Podolsky v. First Healthcare Corp.,* 50 Cal.App. 4th 632, 647, 50 Cal.App.4th 632, 58 Cal.Rptr.2d 89, 98 (1996) (noting that the statute is phrased disjunctively, such that violation of any one element of unfair competition is sufficient to justify equitable relief).

*10 66. NCBE may enforce Section 17200 of California's Business and Professions Code through a private right of action for injunctive relief and restitution. *See* Cal. Bus. & Prof.Code §§ 17203-17204 (West 1997); *ETS v. Simon,* 95 F.Supp.2d at 1090.

67. Liability under Section 17200 of California's Business and Professions Code is strict, rendering a defendant's mental state irrelevant. *See State Farm Fire & Cas. Co. v. Superior Court,* 45 Cal.App. 4, 187 P. 72th 1093, 1102, 45 Cal.App.4th 1093, 53 Cal.Rptr.2d 229, 233 (1996).

68. Competitive injury is not an element of the unfair competition cause of action. *See, e.g., Barquis v. Merchants Collection Ass'n of Oakland, Inc.,* 7 Cal.3d 94, 109, 496 P.2d 817, 828, 101 Cal.Rptr. 745, 756 (1972). Rather, consistent with the Act's broad purposes, any person or organization may sue on its own behalf or on behalf of the public. *See, e.g., Committee on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 215, 673 P.2d 660, 671, 197 Cal.Rptr. 783, 794 (1983) (in banc); *Hewlett v. Squaw Valley Ski Corp.,* 54 Cal.App. 4th 499, 519, 54 Cal.App.4th 499, 63 Cal.Rptr.2d 118, 130 (1997).

69. NCBE's claim under the Unfair Competition statute is not preempted by the Copyright Act because the Copyright Act preempts only those state laws that are "equivalent to" copyright. 17 U.S.C. § 301.

70. If a state cause of action entails "extra elements" beyond the basic elements of copyright, and protects rights that are "qualitatively different" from those protected by copyright, it survives pree-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Page 10

Case 5:07-cv-00210-H    Document 16-6    Filed 10/04/2007    Page 10 of 12

Not Reported in F.Supp.2d                                                                                   Page 9
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

mption. *Valente-Kritzer Video v. Pinckney,* 881 F.2d 772, 776 (9th Cir.1989) (fraud claim not preempted) (citations omitted), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.,* 958 F.2d 896, 903-904 (9th Cir.1992) (claim for improper use of airplane certification not preempted), *cert. denied,* 508 U.S. 959, 113 S.Ct. 2927, 124 L.Ed.2d 678 (1993), *appeal after remand,* 132 F.3d 39 (9th Cir.1997); *National Basketball Ass'n v. Motorola Inc.,* 105 F.3d 841, 853 (2d Cir.1997) ("hot news" misappropriation not preempted because it contains extra elements).

71. The unlawful practices prohibited by Section 17200 include any business practice forbidden by law, be they criminal, civil, federal, state, municipal, statutory, regulatory or court made. *See, e.g., Olsen v. Breez, Inc.,* 48 Cal.App. 4th 608 (1996).

72. Defendants have violated rights under Section 17200 by assembling questions and answers from student recollections that are substantially similar to actual MBE questions, making copies, and then providing them to future test-takers. *See ETS v. Simon,* 95 F.Supp.2d at 1091.

73. Section 17200's unfairness prong is "intentionally broad, thus allowing courts maximum discretion."*State Farm,* 45 Cal.App. 4, 187 P. 72th at 1103, 53 Cal.Rptr.2d at 234;*see also Barquis v. Merchants Collection Ass'n of Oakland, Inc.,* 7 Cal.3d 94, 112, 496 P.2d 817, 830, 101 Cal.Rptr. 745, 758 (1972) (in banc); *American Philatelic Soc. v. Claibourne,* 3 Cal.2d 689, 698-99, 46 P.2d 135, 140 (1935).

**\*11** 74. In actions between competitors, the California Supreme Court defines "unfair" conduct under Section 17200 as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."*Cal-Tech Comm. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

75. The evidence of irreparable injury is overwhelming in cases involving the distribution of secure test questions. *See ETS v. Katzman,* 793 F.2d at 543-44 (infringement of secure test questions would cause irreparable harm); *Mikaelian,* 571 F.Supp. at 155 ("The receipt of even a large sum of money from the defendants would not adequately compensate [plaintiff] ... for the disruption" caused by exposing test questions intended to be used in the future).

76. The disclosure of student recollections of secure test materials by Defendants renders the material worthless to NCBE. *See ETS v. Katzman,* 793 F.2d at 543.

77. A plaintiff is entitled to an injunction under the California Unfair Competition statute if the remedy is necessary "to prevent the use or employment of the unfair practice."*Committee on Children's Television,* 35 Cal.3d at 211, 673 P.2d at 668-69, 197 Cal.Rptr. at 791-92 (citation omitted); *see also Freeman v. Time, Inc.,* 68 F.3d 285, 288 (9th Cir.1995). The statute is directed at ongoing wrongful conduct. *Hewlett v. Squaw Valley Ski Corp.,* 54 Cal.App. 4th 499 (1997). Although Defendants immediately ceased and desisted the activities in question and have promised in writing not to solicit, accept, distribute, or publish student recollections in the future, in the interest of resolving this dispute amicably, the Defendants agree to the terms of the following injunction.

V.

Based upon the facts and the applicable legal principles to which all parties have stipulated, the Court hereby ORDERS that:

1. Judgment is entered in favor of Plaintiff National Conference of Bar Examiners.

2. Pursuant to the Copyright Act and Fed.R.Civ.P. 65, Defendants, their agents, servants and employees, and all persons in active concert with the Defendants over whom Defendants exercise control, are ENJOINED from:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Not Reported in F.Supp.2d                                                                                                    Page 10
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

(a) infringing in any manner NCBE's existing or future copyrights and specifically from copying, duplicating, distributing, selling, publishing, reproducing, publicly performing, displaying, preparing derivative works based on, renting, leasing, offering, using in their advertising or otherwise transferring or communicating in any manner, orally or in written, printed, audio, photographic, electronic, or other form, including any communication in any class, advertisement or other presentation, any questions from any test form copyrighted by NCBE, whether identical or substantially similar to such NCBE questions, without advance written permission of, or written license from NCBE; *provided* that the distribution (*i.e* ., without copying) of voluntarily disclosed MBE, MPRE or other NCBE test questions or forms lawfully purchased by Defendants in the ordinary course of business does not violate this injunction; and

**\*12** (b) debriefing or otherwise intentionally or knowingly obtaining from any past examinee or other person questions from any test form that NCBE has not voluntarily disclosed to the general public including but not limited to any form of the MBE or MPRE, and whether or not such questions are identical or substantially similar to the actual MBE or MPRE questions.

3. Within twenty (20) days of the date of this Order, Defendants shall deliver to NCBE's counsel all copies of all NCBE test questions in the possession, custody or control of Defendants-including but not limited to any questions that are substantially similar to copyrighted NCBE questions which Defendants or their agents obtained from past examinees or from any other source-other than those lawfully purchased from NCBE or other non-NCBE-copyrighted materials lawfully purchased or obtained; provided that Defendants' attorneys and insurance carriers may maintain copies of any such materials, and the parties agree that insurance carriers of third parties are not agents of the Defendants.

4. Pursuant to Cal. Bus. & Prof.Code § 17203, Fed.R.Civ.P. 65, and other applicable law, defendants are ENJOINED from knowingly or intentionally providing or attempting to provide candidates for any bar examination with questions or answers derived from any MBE or other NCBE examination that NCBE has not voluntarily disclosed to the general public.

5. Nothing in this Order shall prevent Defendants from teaching general test-taking strategies that are otherwise consistent with this Order, including teaching general memorization techniques or teaching the subject matter, rules, and associated case law of any area of law, including those areas covered by the MBE exam.

6. This Order shall not prevent Defendants from orally responding, in the course of face-to-face teaching, to questions spontaneously raised by students in a classroom setting if Defendants have no reason to believe the questions (or defendants' answers) are based on any secure, nondisclosed MBE questions, provided that nothing in this Paragraph 6 shall limit the effect of Paragraph 2 above, other than with respect to such oral responses to questions asked in the course of face-to-face teaching.

7. Defendants are not enjoined from teaching test preparation courses (including, but not limited to, MBE preparation courses) so long as they do so in a manner that complies with this Order.

8. Defendants shall provide written notice to all persons who enroll in or attend their bar examination test preparation courses that NCBE's exam questions are protected by copyright and that nondisclosed MBE exam questions are not permitted to be disclosed to defendants or by the defendants without NCBE's written authorization. The requirements set forth in this paragraph shall expire on the third anniversary of this Order provided that Defendants are in full compliance with the terms of this Order.

9. Nothing in this Order shall prevent Defendants from providing links to NCBE's websites in their advertisements or other public announcements, and informing the public by any means about study aids, materials, articles, research reports, or other public information voluntarily made available by

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 11

NCBE to the public, or from analyzing, commenting upon, or reviewing any published or otherwise publicly disclosed, non-secure research reports or documents.

**\*13** 10. Nothing in this Order shall prevent Defendants from discussing, teaching, or writing about any non-secure materials voluntarily released to the public by NCBE, including but not limited to discussion and analysis of the content distribution of present and past MBE tests as released to the public by NCBE through MBE information Booklets and other public announcements, including but not limited to those of ACT, Inc.

11. The filing of this Order shall represent the entire judicial relief for any and all claims NCBE has against the Defendants to date relating in any way to the conduct addressed in this Order, and NCBE shall take no further actions of any kind against the Defendants for any actions or alleged actions taken to date relating in any way to the conduct addressed in this Order.

12. Each party shall bear its own costs.

13. This order shall have no legal effect on any person not a party to this stipulation.

S.D.Cal.,2003.
National Conference of Bar Examiners v. Saccuzzo
Not Reported in F.Supp.2d, 2003 WL 21467772 (S.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Downloaded on 10/3/2007 from http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=S...