# EXHIBIT F

# California Bus. & Prof. Code, §§ 17200 & 123 [Analogous to N.C.G.S. §75-1.1 and N.C.G.S. §14-401.1]

```
CALIFORNIA CODES
BUSINESS AND PROFESSIONS CODE
SECTION 17200-17210
```

17200.  As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

. . . .

```
CALIFORNIA CODES
BUSINESS AND PROFESSIONS CODE
SECTION 100-144
```

100.  There is in the state government, in the State and Consumer Services Agency, a Department of Consumer Affairs.

101.  The department is comprised of:
   (a) The Dental Board of California.
   (b) The Medical Board of California.
   (c) The State Board of Optometry.
   (d) The California State Board of Pharmacy.
   (e) The Veterinary Medical Board.
   (f) The California Board of Accountancy.
   (g) The California Architects Board.
   (h) The Bureau of Barbering and Cosmetology.
   (i) The Board for Professional Engineers and Land Surveyors.
   (j) The Contractors' State License Board.
   (k) The Bureau for Private Postsecondary and Vocational Education.

   (l) The Structural Pest Control Board.
   (m) The Bureau of Home Furnishings and Thermal Insulation.
   (n) The Board of Registered Nursing.
   (o) The Board of Behavioral Sciences.
   (p) The State Athletic Commission.
   (q) The Cemetery and Funeral Bureau.
   (r) The State Board of Guide Dogs for the Blind.
   (s) The Bureau of Security and Investigative Services.
   (t) The Court Reporters Board of California.
   (u) The Board of Vocational Nursing and Psychiatric Technicians.
   (v) The Landscape Architects Technical Committee.
   (w) The Bureau of Electronic and Appliance Repair.
   (x) The Division of Investigation.
   (y) The Bureau of Automotive Repair.
   (z) The State Board of Registration for Geologists and Geophysicists.
   (aa) The Respiratory Care Board of California.
   (ab) The Acupuncture Board.
   (ac) The Board of Psychology.
   (ad) The California Board of Podiatric Medicine.
   (ae) The Physical Therapy Board of California.
   (af) The Arbitration Review Program.
   (ag) The Committee on Dental Auxiliaries.
   (ah) The Hearing Aid Dispensers Bureau.
   (ai) The Physician Assistant Committee.
   (aj) The Speech-Language Pathology and Audiology Board.
   (ak) The California Board of Occupational Therapy.
   (al) The Osteopathic Medical Board of California.
   (am) The Bureau of Naturopathic Medicine.
   (an) Any other boards, offices, or officers subject to its jurisdiction by law.

101.1.  (a) It is the intent of the Legislature that all existing and proposed consumer-related boards or categories of licensed professionals be subject to a review every four years to evaluate and determine whether each board has demonstrated a public need for the continued existence of that board in accordance with enumerated factors and standards as set forth in Division 1.2 (commencing with Section 473).
   (b) (1) In the event that any board, as defined in Section 477, becomes inoperative or is repealed in accordance with the act that added this section, or by subsequent acts, the Department of Consumer Affairs shall succeed to and is vested with all the duties, powers, purposes, responsibilities and jurisdiction not otherwise repealed or made inoperative of that board and its executive officer.
   (2) Any provision of existing law that provides for the appointment of board members and specifies the qualifications and tenure of board members shall not be implemented and shall have no force or effect while that board is inoperative or repealed.  Every reference to the inoperative or repealed board, as defined in Section 477, shall be deemed to be a reference to the department.
   (3) Notwithstanding Section 107, any provision of law authorizing the appointment of an executive officer by a board subject to the review described in Division 1.2 (commencing with Section 473), or prescribing his or her duties, shall not be implemented and shall have no force or effect while the applicable board is inoperative or repealed. Any reference to the executive officer of an inoperative or repealed board shall be deemed to be a reference to the director or his or her designee.
   (c) It is the intent of the Legislature that subsequent legislation to extend or repeal the inoperative date for any board shall be a separate bill for that purpose.


101.6.  The boards, bureaus, and commissions in the department are established for the purpose of ensuring that those private businesses and professions deemed to engage in activities which have potential impact upon the public health, safety, and welfare are adequately regulated in order to protect the people of California.
   To this end, they establish minimum qualifications and levels of competency and license persons desiring to engage in the occupations they regulate upon determining that such persons possess the requisite skills and qualifications necessary to provide safe and effective services to the public, or register or otherwise certify persons in order to identify practitioners and ensure performance according to set and accepted professional standards.  They provide a means for redress of grievances by investigating allegations of unprofessional conduct, incompetence, fraudulent action, or unlawful activity brought to their attention by members of the public and institute disciplinary action against persons licensed or registered under the provisions of this code when such action is warranted.  In addition, they conduct periodic checks of licensees, registrants, or otherwise certified persons in order to ensure compliance with the relevant sections of this code.

. . . .

123.  It is a misdemeanor for any person to engage in any conduct which subverts or attempts to subvert any licensing examination or the administration of an examination, including, but not limited to:

   (a) Conduct which violates the security of the examination materials; removing from the examination room any examination materials without authorization; the unauthorized reproduction by any means of any portion of the actual licensing examination; aiding by any means the unauthorized reproduction of any portion of the actual licensing examination; paying or using professional or paid examination-takers for the purpose of reconstructing any portion of the licensing examination; obtaining examination questions or other examination material, except by specific authorization either before, during, or after an examination; or using or purporting to use any examination questions or materials which were improperly removed or taken from any examination for the purpose of instructing or preparing any applicant for examination; or selling, distributing, buying, receiving, or having unauthorized possession of any portion of a future, current, or previously administered licensing examination.
   (b) Communicating with any other examinee during the administration of a licensing examination; copying answers from another examinee or permitting one's answers to be copied by another examinee; having in one's possession during the administration of the licensing examination any books, equipment, notes, written or printed materials, or data of any kind, other than the examination materials distributed, or otherwise authorized to be in one's possession during the examination; or impersonating any examinee or having an impersonator take the licensing examination on one's behalf.
   Nothing in this section shall preclude prosecution under the authority provided for in any other provision of law.
   In addition to any other penalties, a person found guilty of violating this section, shall be liable for the actual damages sustained by the agency administering the examination not to exceed ten thousand dollars ($10,000) and the costs of litigation.
   (c) If any provision of this section or the application thereof to any person or circumstances is held invalid, that invalidity shall not affect other provisions or applications of the section that can be given effect without the invalid provision or application, and to this end the provisions of this section are severable.


123.5.  Whenever any person has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of Section 123, the superior court in and for the county wherein the acts or practices take place, or are about to take place, may issue an injunction, or other appropriate order, restraining such conduct on application of a board, the Attorney General or the district attorney of the county.
   The proceedings under this section shall be governed by Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure.
   The remedy provided for by this section shall be in addition to,

and not a limitation on, the authority provided for in any other provision of law.