IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:07-cv-00210-H

| | |
|---|---|
| BOARD OF LAW EXAMINERS, also known as North Carolina Board of Law Examiners and as The Board of Law Examiners of the State of North Carolina,<br><br>Plaintiff,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION and THE THOMSON CORPORATION,<br><br>Defendants. | MOTION OF THE NORTH CAROLINA PRESS ASSOCIATION, INC., THE NORTH CAROLINA PRESS FOUNDATION, INC. AND THE NORTH CAROLINA OPEN GOVERNMENT COALITION, INC. FOR LEAVE TO FILE<br>BRIEF *AMICUS CURIAE* |

The North Carolina Press Association, Inc., the North Carolina Press Foundation, Inc. and the North Carolina Open Government Coalition, Inc., through their undersigned counsel, respectfully move the court, in the exercise of its discretion, for leave to file the attached Brief *Amicus Curiae* in support of the defendants' Motion to Dismiss the complaint in this action. In support of this motion *amici* show unto the court that:

1.  The North Carolina Press Association, Inc. ("the NCPA") is a not-for-profit voluntary trade association whose members include approximately 155 daily and non-daily newspapers published in North Carolina. For many years the NCPA has advocated tirelessly on behalf of open government laws and policies in North Carolina by, among other things, vigorously lobbying the North Carolina General Assembly to maintain and expand the North Carolina Open Meetings Law and the North Carolina Public Records Law. For more information, see http://www.ncpress.com/ncpa.html.

2.      The North Carolina Press Foundation, Inc. ("the NCPF") is a not-for-profit charitable and educational foundation that is organized pursuant to Chapter 55A of the North Carolina General Statutes and § 501(c)(3) of the Internal Revenue Code. Among other things, the NCPF maintains a litigation support fund to assist newspapers and private citizens who find it necessary to resort to the courts in pursuit of access to government meetings, proceedings and records to the Open Meetings Law and the Public Records Law. For additional information about the NCPF, see http://www.ncpress.com/ncpf.html.

3.      The North Carolina Open Government Coalition, Inc. ("the Coalition") is a not-for-profit, nonpartisan charitable and educational organization that is organized pursuant to Chapter 55A of the North Carolina General Statutes and § 501(c)(3) of the Internal Revenue Code. The Coalition unites individuals and organizations interested in ensuring and enhancing the public's access to government activity, records and meetings. Its mission is to educate people about their rights and support their efforts to gain access; advocate the principles and benefits of open government; and initiate or assist in legal proceedings when necessary. Its members include journalists, news organizations, libraries, foundations and attorneys. The Coalition's activities are coordinated from the "Sunshine Center" at Elon University. For more information about the Coalition, see http://www.ncopengov.org/.

4.      None of the *amici* has a pecuniary or other direct interest in the outcome of this case. Their only purpose in seeking leave to file the attached brief is to alert the court to the potential harm to the North Carolina Public Records Law, and the long-standing public policy underlying it, that lurks in the plaintiff's claims.

5.      *Amici* seek leave to file the attached brief because the potential implications of this case extend far beyond the respective interests of the parties. The position advanced by the plaintiff Board of Law Examiners – i.e., that a state agency has the inherent authority to register, own and protect copyrights in any document or record that it creates in conjunction with its activities – would, if sustained by this court, effectively eviscerate and nullify the North

Carolina Public Records Law. As explained in the defendants' brief in support of their motion to dismiss, the North Carolina Public Records Law declares that documents created by public officials and public agencies are the property of the people and mandates that in the absence of clear legislative exemptions the people are entitled to obtain copies of them readily and at little or no cost. A ruling by this court that in the absence of clear legislative authorization agencies of North Carolina government have the inherent authority to copyright documents created in connection with their duties would allow public officials to circumvent and undermine the Public Records Law by removing public records from the public domain and limiting, or even denying, public access to them. Such a ruling would threaten the very existence of North Carolina's long-standing public policy with respect to the ownership and control of documents and records created in connection with public business and at public expense. *Amici* respectfully submit that under these circumstances it is appropriate for the court to accept the attached brief from three disinterested parties whose only motivation is to explain why and how this court should protect the North Carolina Public Records Law.

This the 16th day of October 2007.

EVERETT, GASKINS, HANCOCK & STEVENS, LLP

By: /s/ Hugh Stevens
Hugh Stevens
N.C. State Bar No. 4158
C. Amanda Martin
N.C. State Bar No. 21186
Michael J. Tadych
N.C. State Bar No. 24556
Attorneys for *Amici*
127 West Hargett Street, Suite 600 (27601)
P.O. Box 911
Raleigh, NC 27602
919 755 0025
919 755 0009 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the clerk of court using the CM/ECF system which will send notification of such filing to the following:

Susan Freya Olive (EmailboxEDNC@oliveandolive.com)
James R. Van Camp (jamesv@vancamplaw.com
John F. Morrow, Jr. (jmorrow@wcsr.com)
Sean E. Andrussier (sandrussier@wcsr.com)
Hampton Dellinger (hdellinger@wcsr.com)

This the 16th day of October, 2007.

/s/ Hugh Stevens
Hugh Stevens