IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:07-cv-00210-H

| | |
|---|---|
| BOARD OF LAW EXAMINERS, also known as North Carolina Board of Law Examiners and as The Board of Law Examiners of the State of North Carolina<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WEST PUBLISHING CORPORATION and THE THOMSON CORPORATION,<br>　　　　　Defendants, | **PLAINTIFF'S RESPONSE TO PROPOSED FILING OF AMICUS BRIEF<br>AND<br>REQUEST FOR TIME TO RESPOND SUBSTANTIVELY THERETO IF PERMISSION FOR FILING ALL OR PART OF THE PROPOSED BRIEF IS GRANTED** |

Various proposed *amici curiae*, represented by one counsel, have moved the Court [D19] for permission to file a brief in support of Defendants with respect to Defendants' pending motion to dismiss the Complaint [D12]. Although the Eastern District has no rules governing the filing of such briefs, it is well-accepted nationwide that whether to permit the filing of an amicus brief rests in the sound discretion of the Court. Considerations include the timeliness of the filing, whether the proposed amicus brief is likely to assist the Court in deciding the issues that are before it or instead merely rehashes at greater length arguments already made by counsel for the side supported by the amicus, and whether the brief attempts to introduce new issues. *See, e.g., U.S. v. Gotti,* 755 F.Supp. 1157 (EDNY 1991).

For the reasons hereafter set out, Plaintiff requests that this Court reject the proposed filing as untimely. In the alternative, if the Court is inclined in its discretion to permit the filing of a brief by the proposed *amici*, Plaintiff requests that the Court permit the filing only of the first portion of the proposed brief, which is the only part that addresses the issue on which the proposed *amici* have sought permission to intercede, that the second portion of the brief be ordered stricken before filing, and that Plaintiff be granted twenty days to respond substantively to the brief after it is filed.

Here, the request is untimely. Despite the absence of local rules, the rules of the United States Court of Appeals for the Fourth Circuit and the rules of the United States Supreme Court provide salutory guidance as to the timing of such motions. Fourth Circuit Rule 29(e) provides:

> (e) Time for Filing. An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. A court may grant leave for later filing, specifying the time within which an opposing party may answer.

Supreme Court Rule 37(3) has similar timelines. The timelines contemplate that amicus briefs will be filed in the normal course and schedule set by the Court for briefing of the motions so that decisions thereon will not be delayed. The timelines also afford the party against whom the amicus brief is directed an opportunity to consider and address the arguments of the amicus in their principal or reply brief.

Notwithstanding these sound policy reasons requiring prompt filing by any third parties who think their views might be of interest to the Court, the proposed amicus brief herein was not presented to the Court at or soon after the principal brief of Defendant was filed, which was two months ago, on August 10. Instead, it was presented to the Court after Plaintiff's response to Defendants' brief had been filed, and only two days before the date when according to the Local Rules, Defendants' reply brief would have been due—which of course is when, in the normal course of events, the matter would have been submitted to the Court for decision. (The deadline for the reply brief of Defendants recently was extended to November 2). If timeliness were not significant, then this Court and the parties could be burdened with proposed filings by proposed *amici* at any point in the proceedings, up to the point of oral argument. This Court should expect prompt intervention by any party that desires to do so and should turn away briefs by those who delay, in order to ensure the orderly administration of its judicial proceedings.

Of equal significance, the request goes beyond the stated interests of the putative *amici*, and beyond the issues presently pending before the Court. The proposed *amici* state their interest is in the North Carolina Public Records Act and its proper interpretation and application. [D19-1 at 2,3] The first

portion of their brief addresses that issue. The second portion, however, is an attack on the standing of the Board as a party. The *amici* have not requested to intercede in order to assist the Attorney General monitor the activities of those who represent state agencies, and to police whether and when the Attorney General consented to their activities. The second portion of their brief does that, [1] and in so doing attempts to insert new issues into the litigation. "New issues raised by an amicus are not properly before the court in the absence of exceptional circumstances." *A.D. Bedell Wholesale Co. v Philip Morris, Inc.*, 263 F.3d 239 at 266 (3rd Cir. 2001); *Farm Bureau Federation v Babbitt,* 199 F.3d 1224, n.1 (10th Cir 2000). There has been no showing, and no attempt to show, that such exceptional circumstances exist here.

Not only is the second section of the brief an attempt to interject a new issue into the case, but it is outside the stated purpose for which proposed *amici* seek to intercede. They did not ask to address the Court concerning the proper relationship between state agencies and their counsel. Rather, their sole stated purpose was to provide guidance with respect to the North Carolina Public Records Act and its impact on the pending litigation. Even if the Court believes that the belatedly filed attempt to intercede might assist the Court in its decision as to whether and, if so, how the Board's federally granted right to sue for copyright infringement is impacted by the North Carolina Public Records Act, the motion should be denied insofar as it attempts to address any other issues and this Court should specifically order the proposed *amici* to strike from their proposed Brief section B thereof.

Insofar as the Public Records Act section (Part A) of the proposed amicus brief is concerned, Plaintiff doubts that *amici* introduce significant new thoughts bearing on the issues before the Court but certainly that portion of the brief is directed to the alleged interests of the *amici*. Likewise, while to a great extent merely repetitive of the cases and arguments made by Defendants, the Public Records Act section of the proposed brief is at least relevant to the issue presently pending in the case. Thus, the

---

[1] *Amici'*s postureis not unlike that of an aggrieved party in a divorce action who baldly asserts that opposing counsel for his or her spouse is not properly retained and should be required to prove the existence and content of their written retention agreement since such agreements are required by the State Bar to be in writing.

decision whether to accept it as potentially adding something to the already extensive strings of citations advanced by Defendants lies in the sound discretion of the Court.

Plaintiff does request and move the Court that if the Court permits the filing of all or any part of the proposed amicus brief, then the Court permit Plaintiff to respond thereto within twenty (20) days after the brief is filed, thus putting Plaintiff in a position similar to that it would have occupied if the brief had been timely filed.

Respectfully submitted this 23rd day of October, 2007.

| | |
|---|---|
| /s/ James R. Van Camp<br>     NC Bar. #4646<br>VAN CAMP, MEACHAN & NEWMAN, PLLC<br>Attorneys for Plaintiff | /s/ Susan Freya Olive,<br>     NC Bar #7252<br>OLIVE & OLIVE, P.A.<br>Attorneys for Cross-Defendant |
| 2 Regional Circle<br>PO Box 1389<br>Pinehurst, NC 28374<br>Telephone:  (910) 295-2525<br>Fax:  (910) 295-1520<br>Email:  jamesv@vancamplaw.com | 500 Memorial Street<br>PO Box 2049<br>Durham, NC 27702-2049<br>Telephone: (919) 683-5514<br>Fax:  (919) 688-3781<br>Email: EmailboxEDNC@oliveandolive.com |

CERTIFICATE OF SERVICE

The undersigned certifies that on this date the foregoing document, together with any and all attachments thereto, was filed electronically with the Court using the CM/ECF system which will send notice of this filing electronically to Defendants, represented by the following counsel of record:

>John F. Morrow, Jr.
>Sean E. Andrussier
>Hampton Dellinger
>Womble Carlyle Sandridge & Rice
>One West Fourth St.
>Winston-Salem, NC 27101
>jmorrow@wcsr.coms
>sandrussier@wcrs.com
>hdellinger@wcsr.com

and likewise will send notice of this filing electronically to the proposed *Amici Curiae*, represented by Hugh Stevens, C. Amanda Martin, and Michael J. Tadych, at their electronic address of record:

>amanda@eghs.com

This 23rd day of October, 2007.

>/s/ Susan Freya Olive
>    N.C. State Bar No. 7252
>OLIVE & OLIVE, P.A.
>500 Memorial Street
>PO Box 2049
>Durham, NC 27702-2049
>Telephone: (919) 683-5514
>Fax: (919) 688-3781
>Email: EmailboxEDNC@oliveandolive.com